

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:02-CR-86(3)** |
| | § | |
| **BRANDON HUNSUCKER** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Brandon Hunsucker, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #201) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 13, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

-1-

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On March 20, 2003, the Honorable Howell Cobb sentenced the defendant after he pled guilty to the offense of conspiracy to possess a firearm in connection with a drug trafficking crime, a Class C felony. The Court sentenced the defendant to 151 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include shall not commit any offenses against a foreign state or nation; pay any financial penalty imposed by the judgment; financial disclosure; not incur any new credit charges or open additional lines of credit; drug treatment and testing; a $15,000 fine and a $100 special assessment. On

December 24, 2014, Brandon Hunsucker completed his period of imprisonment and began service of the supervision term.

The sentencing judge, the Honorable Howell Cobb, has since passe away. Accordingly, on October 28, 2008, the case was reassigned to Chief United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

On February 20, 2015, Mr. Hunsucker was arrested by the Beaumont Police Department and charged with felon in possession of a firearm and possession of a prohibited weapon.

### C. Evidence presented at Hearing

At the hearing, the Government submitted a copy of a judgment of conviction entered in cause number 1:15-CR-49 here in the Eastern District of Texas. That judgment shows that Mr. Hunsucker pled guilty to the offense of felon in possession of a firearm in that case. On January 26, 2016, United States District Judge Marcia A. Crone sentenced Mr. Hunsucker to 120 months imprisonment in that cause for the new federal conviction.

Defendant Brandon Hunsucker offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he was found guilty of a new crime in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a mandatory condition of his supervised release by being convicted on a new crime while on supervised release.

If the Court finds that Mr. Hunsucker violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 33 to 41 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). The maximum imprisonment term the Court can impose for the revocation is therefore capped at 24 months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade A violation of his supervision conditions by being convicted of a new crime while on supervised release. The defendant knowingly and voluntarily pled true to the violation.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Hunsucker pled true and agreed with the revocation of his supervised release, but argued for a prison term of 14 months, below the statutory maximum of 24 months and the recommended Guideline range. In support, defense counsel noted Hunsucker's cooperation in the new federal case and the fact that Judge Crone upwardly departed and sentenced Hunsucker to a prison term in 1:15-CR-49 which was above Probation's recommendation at sentencing. The Government opposed defendant's request, arguing for a 24 month sentence on the revocation as allowed by the applicable statute.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade A violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes into account the long prison term that Hunsucker is currently serving on the federal crime. There appears to be a disagreement between defendant and the Government regarding the extent to which Hunsucker actually cooperated with the Government in the new federal case, but the Court is persuaded that he has accepted responsibility for his criminal conduct. The undesigned has taken into account the factors for consideration under 18 U.S.C. § 3553(a), especially the nature and seriousness of the offense and the need for the sentence to afford adequate deterrence. Given that

defendant has already been sentenced to 120 months in prison for the new crime made the basis of this revocation proceeding, the Court is unconvinced that imposing the maximum statutory sentence in this case will have much of a deterrence effect but instead will only be cumulative in nature. At the same time, Mr. Hunsucker did admittedly engage in serious criminal activity while on supervised release, all in violation of court-imposed conditions, and both the Guidelines and Title 18 require the imposition of a prison term for this violating conduct.

The Court finds that the upward departure and relatively lengthy sentence in 1:15-CR-49 constitutes a mitigating circumstance affecting the undersigned's determination of the appropriate sentence on this related revocation, given the range recommended by the Guidelines and the 24 month statutory cap. *See* 18 U.S.C. § 3553(b)(1). Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the applicable sentencing factors, the rotality of the circumstances in this case and the new conviction, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **nineteen (19) months imprisonment** on the supervised release revocation, with no further term of supervision to follow in this case.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to

factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of April, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE